JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sylvia Trafficante

## DEFENDANTS

Homegoods, Inc., The TJX Companies, Inc. and Richards Homewares, Inc.

**(b)** County of Residence of First Listed Plaintiff  Delaware County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Middlesex County, MA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Tyler Stampone, Esq.; Stampone O'Brien Dilsheimer Law
500 Cottman Ave., Cheltenham, PA 19012; 215-663-0400

Attorneys *(If Known)*

Sean T. Stadelman, Esquire - Goldberg Segalla LLP
for Defendant Richards Homewares, Inc. - 267-519-6800
1700 Market St., Ste. 1418, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
      Plaintiff
- [ ] 2  U.S. Government
      Defendant
- [ ] 3  Federal Question
      *(U.S. Government Not a Party)*
- [x] 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [x] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product   Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability   [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &   Pharmaceutical | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| & Enforcement of Judgment | Slander   Personal Injury | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'   Product Liability | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted | Liability   [ ] 368 Asbestos Personal | | New Drug Application | [ ] 470 Racketeer Influenced and |
| Student Loans | [ ] 340 Marine   Injury Product | | [ ] 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | [ ] 345 Marine Product   Liability | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | **LABOR** | | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | **SOCIAL SECURITY** | Protection Act |
| [ ] 190 Other Contract | Product Liability   [ ] 380 Other Personal | Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal   Property Damage | [ ] 720 Labor/Management | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | Injury   [ ] 385 Property Damage | Relations | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | [ ] 362 Personal Injury -   Product Liability | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | Medical Malpractice | [ ] 751 Family and Medical | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | Leave Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee | [ ] 791 Employee Retirement | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate | Income Security Act | or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/   Sentence | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | Accommodations   [ ] 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment   [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities -   [ ] 550 Civil Rights | [ ] 465 Other Immigration | | State Statutes |
| | Other   [ ] 555 Prison Condition | Actions | | |
| | [ ] 448 Education   [ ] 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause:
Plaintiff claims she sustained personal injuries due to the installation/use of an allegedly defective product distributed and sold by Defendants.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION
      UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/28/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Sean T. Stadelman

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Sylvia Trafficante | : | CIVIL ACTION |
| | : | |
| v. | : | |
| Homegoods Broomall, PA Lawrence Park Shopping Center, Homegoods, Inc., The TJX Companies, Inc. and Richards Homewares, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

| | | |
|---|---|---|
| October 28, 2020 | /s/ Sean T. Stadelman | Defendant, Richards Homewares, Inc. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 519-6800 | (267) 519-6801 | sstadelman@goldbergsegalla.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 218 Boro Road, Primos, PA 19018 _____

Address of Defendant: _____ 10675 N. Lombard Street, Portland, OR 97203 _____

Place of Accident, Incident or Transaction: _____ 218 Boro Road, Primos, PA 19018 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/28/2020 _____ /s/ Sean T. Stadelman _____ 201636
_____ *Must sign here* _____
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A. Federal Question Cases:*      *B. Diversity Jurisdiction Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts    ☐ 1. Insurance Contract and Other Contracts
☐ 2. FELA    ☐ 2. Airplane Personal Injury
☐ 3. Jones Act-Personal Injury    ☐ 3. Assault, Defamation
☐ 4. Antitrust    ☐ 4. Marine Personal Injury
☐ 5. Patent    ☐ 5. Motor Vehicle Personal Injury
☐ 6. Labor-Management Relations    ☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Civil Rights    ☑ 7. Products Liability
☐ 8. Habeas Corpus    ☐ 8. Products Liability – Asbestos
☐ 9. Securities Act(s) Cases    ☐ 9. All other Diversity Cases
☐ 10. Social Security Review Cases      *(Please specify):* _____
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Sean T. Stadelman _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/28/2020 _____ /s/ Sean T. Stadelman _____ 201636
_____ *Sign here if applicable* _____
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA TRAFFICANTE | CIVIL ACTION |
| Plaintiff(s) | NO. |
| v. | JURY TRIAL DEMANDED |
| HOMEGOODS BROOMALL, PA LAWRENCE PARK SHOPPING CENTER, HOMEGOODS, INC., THE TJX COMPANIES, INC. AND RICHARDS HOMEWARES, INC. | |
| Defendant(s) | |

## NOTICE OF REMOVAL AND COPIES OF
## ALL PROCESS AND PLEADINGS

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Richards Homewares, Inc. submits the following Notice of Removal from the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, the Court in which the above-referenced matter is now pending, to the United States District Court for the Eastern District of Pennsylvania. In support of its Notice of Removal, Defendant states as follows:

1.  This action arises out of Plaintiff Sylvia Trafficante's alleged October 8, 2018 accident as a result of which she contends she sustained personal injuries while installing an allegedly defective shower caddy manufactured and distributed by Richards Homewares, Inc. ("Richards") and sold by Homegoods, Inc. ("Homegoods"), The TJX Companies, Inc. ("TJX") and/or Homegoods Broomall, PA ("Broomall"). (*See* Complaint, a true and correct copy of which is attached hereto as Exhibit "A").

2.  Plaintiff claims she purchased the subject product from Broomall, which is located at 1991 Sproul Road, Broomall, Pennsylvania 19008. (*Id.* at ¶18).

3.      Plaintiff commenced this action on October 2, 2020 by filing a Complaint in the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, September Term 2020, bearing docket number 02074. (*Id.*)

4.      Pursuant to 28 U.S.C. § 1446(a), Richards attaches copies of all process, pleadings and orders served upon it, including: a true and correct copy of Plaintiff's Complaint, dated October 2, 2020. (*Id.*).

### Timeliness of Removal

5.      Richards was served with the Complaint on October 8, 2020.

6.      This Notice of Removal is being filed within thirty (30) days after service of Plaintiff's Complaint, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

### Amount in Controversy

7.      A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (*citing* 28 U.S.C. § 1446(a)).

8.      "The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Johnson v. Costco Wholesale*, 1999 WL 740690 at *3 (E.D. Pa. Sept. 22, 1999) (*citing Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). *See also Marie v. Sears Auto Repair CM*, 2011 WL 198465 (E.D. Pa. Jan. 20, 2011) (Court refused to remand where the plaintiff demanded an amount "in excess of $50,000").

9.      Here, Plaintiff claims that she suffered serious and permanent injuries, including a "(2 mm x 1 mm) partial thickness conical laceration, two discrete central corneal epithelial defects, uveitis causing separation of the retina, microhyphema and

active blood of the left eye, traumatic retinopathy, corneal abrasion, diminished vision requiring two pairs of glasses, traumatic glaucoma, cataract of the left eye, requiring surgical intervention and a lens implant ...." (Exhibit "A" at ¶38).

10.     Plaintiff demanded an amount in excess of $50,000, the arbitration limit in Pennsylvania. *See* 42 Pa.C.S. § 7361(b)(2).

11.     Accordingly, based on a reasonable reading of the rights being litigated, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

### Diversity of Citizenship

12.     According to the Complaint, Plaintiff resides at 218 Boro Road, Primos, Pennsylvania 19018. (Exhibit "A" at ¶1). Therefore, it is presumed that Plaintiff is a citizen of Pennsylvania.

13.     Defendant Richards is an Oregon corporation with its principal place of business in Oregon.

14.     Defendant Homegoods is a Delaware corporation with its principal place of business in Massachusetts.

15.     Defendant TJX is a Delaware Corporation with its principal place of business in Massachusetts.

16.     Defendant Broomall is not a proper party to this action. Broomall does not exist as a legal entity such that its citizenship need not be considered in the diversity analysis. 28 U.S.C. §1441(b)(1).

17.     Plaintiff improperly, and without basis, pleads "Defendant, HomeGoods Broomall, PA is a Pennsylvania corporation or other business entity with a principal place of business located at 1991 Sproul Road, Broomall, PA 19008." (Exhibit "A" at ¶3).

18.     However, Defendant Broomall is a fictitious entity as it is not a registered business. (*See* search results from the Commonwealth of Pennsylvania's Corporations website (www.corporations.pa.gov), a true and correct copy of which are attached hereto as Exhibit "B").

19.     Since there is no reasonable basis in fact or colorable ground supporting Plaintiff's claim against Broomall, Plaintiff fraudulently joined the fictitious entity solely for the purposes of defeating diversity. *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). *See also* U.S.C. § 1446(b)(2)(A); *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011).

20.     Furthermore, it is clear Plaintiff has "no real intention in good faith to prosecute the action" against Broomall given that she also named as defendants the legal business entity(ies) from which she purchased the allegedly defective product - Homegoods and/or TJX. As such, Plaintiff's claim against the fictitious entity Broomall is simply for the purpose of defeating diversity by claiming there is a non-diverse, forum defendant. *See Little v. Doe*, 2010 WL 3812364, at *8 (D. N.J. Sept. 28, 2010) (*citing In re Briscoe*, 448 F.3d at 217). *See generally Bahalim v. Ferring Pharms., Inc.*, 2017 WL 118418 (proposing the policy reasons for the fraudulent joinder doctrine apply to the same extent when a sham forum defendant, rather than a sham non-diverse defendant, is preventing the diverse defendant from seeking removal.).

21.     Pursuant to 28 U.S.C. § 1332(c)(1), diversity exists because Plaintiff is a citizen of Pennsylvania and all properly joined Defendants are citizens of states other than Pennsylvania.

## Plea for Removal

22. 28 U.S.C. §1441(a) provides that a state court action over which a district court of the United States would possess original jurisdiction may be removed to the district court for the district and division embracing the place where the state court action is pending.

23. There is diversity of citizenship and the amount in controversy exceeds the jurisdictional requirement of seventy-five thousand dollars ($75,000.00); therefore, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 and removal of this proceeding to this Court is proper pursuant to 28 U.S.C. §1441.

24. No properly joined defendant is a citizen of the forum state of Pennsylvania such that removal is not precluded by 28 U.S.C. §1441(b)(2). *See Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011)(applying the fraudulent joinder doctrine to the forum defendant rule).

25. Since the Philadelphia County Court of Common Pleas is located within the Eastern District of Pennsylvania, removal of this case to the United States District Court for the Eastern District of Pennsylvania is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

26. Written notice is being given to all parties and to the Clerk of the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, that this Notice of Removal is being filed with this Court.

27. Counsel for Defendants Homegoods and TJX has been contacted and has provided written consent to this Notice of Removal by way of the attached, signed Consent

document. (*See* Defendants Homegoods, Inc. and The TJX Companies, Inc.'s Consent to Notice of Removal, a true and correct copy of which is attached hereto as Exhibit "C").

WHEREFORE, Defendant Richards Homewares, Inc. respectfully requests that the entire state court action under September Term, 2020, Docket No. 02074, currently pending in the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, be removed to this Court for all further proceedings.

**GOLDBERG SEGALLA LLP**

BY:  */s/ Sean T. Stadelman*
SEAN T. STADELMAN, ESQUIRE
Attorney ID No. 201636
DAVID A. ASSALONE, ESQUIRE
Attorney ID No. 307190
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
(P) 267-519-6800; (F) 267-519-6801
*Attorneys for Defendant,*
*Richards Homewares, Inc.*

Date:  October 28, 2020

## CERTIFICATE OF SERVICE

I, Sean T. Stadelman, Esquire, hereby certify that this 28th day of October 2020, a true and correct copy of the foregoing Notice of Removal and supporting documents were served upon the following via First Class Mail, postage prepaid, and/or via the Court's ECF System:

Tyler J. Stampone, Esquire
Daniel N. Stampone, Esquire
Stampone O'Brien Dilsheimer Law
500 Cottman Avenue
Cheltenham, PA 19012
*Attorneys for Plaintiff*

Homegoods, Inc.
770 Cochituate Road
Framingham, MA 01701

The TJX Companies, Inc.
770 Cochituate Road
Framingham, MA 01701

Jacqueline E. Campbell, Esquire
Fowler Hirtzel McNulty Spaulding, LLP
Three Logan Square
1717 Arch Street, Suite 1310
Philadelphia, PA 19103
*Attorney for Defendants,*
*Homegoods, Inc. and*
*The TJX Companies, Inc.*

**GOLDBERG SEGALLA LLP**

BY: */s/ Sean T. Stadelman*
SEAN T. STADELMAN, ESQUIRE
Attorney ID No. 201636
DAVID A. ASSALONE, ESQUIRE
Attorney ID No. 307190
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
(P) 267-519-6800; (F) 267-519-6801
*Attorneys for Defendant,*
*Richards Homewares, Inc.*

**EXHIBIT A**

# STAMPONE O'BRIEN
# DILSHEIMER LAW

A Professional Corporation of Trial Lawyers

Joseph P. Stampone        James P. McNally
Kevin P. O'Brien**        Daniel N. Stampone*
J.B. Dilsheimer           Tyler J. Stampone*
                          Thomas M. Thistle, III*†
Prince P. Holloway*       Daniel T. Thistle*†
Andrea M. Sasso*          Matthew D. Blum, M.D.*

* stamponelaw.com
✉ info@stamponelaw.com

* ALSO MEMBER OF THE NEW JERSEY BAR
** ALSO MEMBER OF THE FLORIDA BAR
† LL.M. IN TRIAL ADVOCACY

REPLY TO

500 Cottman Avenue
Cheltenham, PA 19012
p / 215.663.0400
f / 215.663.9112

CENTER CITY

230 S. Broad St.
Suite #601
Philadelphia, PA 19102
p / 215.663.0400
f / 215.663.9112

October 5, 2020

**_VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED_**
Richards Homewares, Inc.
10675 N. Lombard Street
Portland, OR 97203-6349

      **RE:**   **Trafficante v. Homegoods Broomall, PA, et al**
            **CCP, Philadelphia County, No. 200902074**

Dear Sir/Madam:

Enclosed please find a Civil Action Complaint which has been filed against Richards Homewares, Inc., in the Court of Common Pleas of Philadelphia County, Pennsylvania, with regard to the above-captioned matter.

I would ask that you promptly turn this matter over to your insurance carrier or legal counsel.

Thank you for your attention.

Very truly yours,

_Tyler J Stampone/jmb_

TYLER J. STAMPONE

TJS/jmb
Enclosure

STAMPONE O'BRIEN DILSHEIMER LAW
BY:    TYLER J. STAMPONE, ESQUIRE
         Attorney I.D. No. 324400
         DANIEL N. STAMPONE, ESQUIRE
         Attorney I.D. Nos. 322390
500 Cottman Avenue
Cheltenham, PA 19012
(215) 663-0400
Attorney for Plaintiff(s)

THIS IS A MAJOR CASE Filed and Attested by the
JURY TRIAL DEMANDED Office of Judicial Records
02 OCT 2020  11:01 am
A. SILBERISH

SYLVIA TRAFFICANTE          :       COURT OF COMMON PLEAS
218 Boro Road               :       PHILADELPHIA COUNTY
Primos, PA 19018            :
                            :
                            :
       vs.                  :
                            :
HOMEGOODS BROOMALL, PA      :       NO.
LAWRENCE PARK SHOPPING CTR. :
1991 Sproul Road            :
Broomall, PA 19008          :
       and                  :
HOMEGOODS, INC.             :
770 Cochituate Road         :
Framingham, MA 01701        :
       and                  :
THE TJX COMPANIES, INC.     :
770 Cochituate Road         :
Framingham, MA 01701        :
       And                  :
RICHARDS HOMEWARES, INC.    :
10675 N. Lombard Street     :
Portland, OR 97203-6349     :

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas explicstas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede pere dinero o sus propiedades u otros derechos importantes para usted.

Lleva esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion de Licenciados
de Filadelfia
Servicio de Referencia e
Informacion Legal
One Reading Center
Filadelfia, PA 19107
(215) 238-1701

STAMPONE O'BRIEN DILSHEIMER LAW
BY:     TYLER J. STAMPONE, ESQUIRE
            Attorney I.D. No. 324400
            DANIEL N. STAMPONE, ESQUIRE
            Attorney I.D. Nos. 322390
500 Cottman Avenue
Cheltenham, PA 19012                                     **THIS IS A MAJOR CASE**
(215) 663-0400                                              <u>**JURY TRIAL DEMANDED**</u>
Attorney for Plaintiff(s)

| | | |
|---|---|---|
| SYLVIA TRAFFICANTE | : | COURT OF COMMON PLEAS |
| 218 Boro Road | : | PHILADELPHIA COUNTY |
| Primos, PA 19018 | : | |
| | : | |
|     vs. | : | |
| | : | |
| HOMEGOODS BROOMALL, PA | : | NO. |
| LAWRENCE PARK SHOPPING CTR. | : | |
| 1991 Sproul Road | : | |
| Broomall, PA 19008 | : | |
|     and | : | |
| HOMEGOODS, INC. | : | |
| 770 Cochituate Road | : | |
| Framingham, MA 01701 | : | |
|     and | : | |
| THE TJX COMPANIES, INC. | : | |
| 770 Cochituate Road | : | |
| Framingham, MA 01701 | : | |
|     And | : | |
| RICHARDS HOMEWARES, INC. | : | |
| 10675 N, Lombard Street | : | |
| Portland, OR 97203-6349 | : | |

<u>**COMPLAINT – CIVIL ACTION**</u>

1.      Plaintiff, Sylvia Trafficante, is an adult individual and resident of the
Commonwealth of Pennsylvania, residing therein at 218 Boro Road, Primos, PA 19018.

2.      On October 8, 2018, Plaintiff was struck in the eye while assembling and putting
into place Defendants' Columbia 3 Shelf Shower Organizer with Soap Dish (hereinafter
"Product"), when it violently sprung towards her head and caused serious and permanent injuries

Case ID: 200902074

due to the compression of the component parts past their point of instability and point of solid length.

3. Defendant, HomeGoods Broomall, PA is a Pennsylvania corporation or other business entity with a principal place of business located at 1991 Sproul Road, Broomall, PA 19008.

4. Defendant, HomeGoods, Inc., is a Delaware corporation with a principal place of business located at 770 Cochituate Road, Framingham, MA 01701.

5. Defendants – HomeGoods Broomall, PA and HomeGoods, Inc. – may hereinafter be referred to as "HomeGoods Defendants".

6. Defendant, the TJX Companies, Inc. (hereinafter "TJX"), is a Delaware corporation with a principal place of business located at 770 Cochituate Road, Framingham, MA 01701.

7. Upon information, Defendant TJX is the parent company of, and/or owns the HomeGoods Defendants.

8. The HomeGoods Defendants and Defendant TJX regularly conduct business in the Commonwealth of Pennsylvania, and more specifically in the County and City of Philadelphia, and in particular through their "T.J. Maxx" store at 1130 Market Street, Philadelphia, PA 19107, and their "HomeGoods" and "T.J. Maxx" stores located at 1851 S. Columbus Boulevard, Philadelphia, PA 19148.

9. Defendant, Richards Homewares, Inc. (hereinafter "Richards"), is an Oregon corporation with a principal place of business located at 10675 N. Lombard Street, Portland, OR 97203-6349.

10. Defendant Richards regularly conducts business in the Commonwealth of Pennsylvania and more specifically in the County and City of Philadelphia as it places its products into the stream of commerce which are received by its wholesalers, retailers and/or other third-party sellers who then resell to foreseeable end users.

11. At all times relevant hereto, the Defendants acted jointly and/or severally, by and through their agents, ostensible agents, servants, borrowed servants, workmen, and employees acting within the course and scope of their employment.

12. On or about October 8, 2018, due to the acts or omissions of one or more of Defendants, jointly and/or severally, Plaintiff was caused to suffer severe and permanent injuries, as described more fully in detail below, while installing the subject Product, which was designed, manufactured, fabricated, assembled, sold, and/or otherwise placed into the stream of commerce by one or more of Defendants.

13. The Product which injured Plaintiff's eye on or about October 8, 2018 was a Columbia E-Satin Nickel Tension Pole Caddy with 3 Shelf Shower Organizer with Soap Dish (Model No.: "200213", Item No.: "25741250"). See photograph of the subject Product in its original packaging, below.



14.　At the time of Plaintiff's injury. the Product as designed and placed into the stream of commerce by one or more of Defendants, jointly and/or severally, was negligently designed, unreasonably dangerous and/or defective, the instructions were insufficient and failed to warn the consumer of the inherent dangers of the Product, and did not behave as warranted.

15.　The Product was negligently designed, manufactured, fabricated, assembled, distributed, and/or sold, because it instructed the end user and/or installer to compress the Product's spring past its point of instability and past its solid length, which created foreseeable risks of serious bodily injury to the end under and/or installer, specifically of the type of injuries sustained by the Plaintiff.

16. Defendant Richards designed, manufactured, fabricates, assembled, distributed, and/or sold the Product at some point prior to Plaintiff's injury on October 8, 2018.

17. HomeGoods Defendants and/or TJX Companies, Inc. assembled, advertised, marketed, sold, leased, rented, delivered, serviced, and/or inspected the Product at some point prior to Plaintiff's injury on October 8, 2018.

18. Plaintiff purchased the Product from Defendant, HomeGoods Broomall, PA in or about September 2018.

19. The subject Product, as it was designed, manufactured, fabricated, assembled, distributed, and/or sold was unreasonably dangerous and/or defective because installation at a height range of 69 inches to 74 inches – the applicable height range in Plaintiff's bathroom – compresses the spring past its point of instability, and past its solid length, causing unreasonably dangerous, defective and unpredictable behavior of the spring and product which presents a danger to the end user and others similarly situated, like Plaintiff.

20. The Product was also unreasonably dangerous and/or defective because the instructions, along with any other literature or information provided by Defendants about the Product, failed to warn of the above mentioned conditions,

21. The Product, as designed, manufactured, fabricated, assembled, distributed, and/or sold by Defendants was not safe for use as advertised and warranted.

22. At the time Plaintiff was injured by the Product, said product was in a condition substantially unchanged from the time of its design, manufacture, and sale.

23. At the time Plaintiff was injured by the Product, said product was being used for the purpose and in the manner it was intended.

24. On October 8, 2018, Plaintiff attempted to install the Product in her bathroom, as directed by the included instructions, in order to better organize her shower, and the things in it, in a safe and reasonable manner.

25. The space to be utilized by the Product was 70.5 inches which required her to follow the instructions for installation at the height range to 69"-74".

26. The instructions Plaintiff followed in installing the Product into her bathroom, and which were included in the original packaging, are attached as Exhibit "A".

27. Plaintiff relied on the instructions, and the expertise of those who provided them, to enable her to safely install the Product in her bathroom.

28. Plaintiff followed each and every step of the Product instructions, as directed, included in the original packaging of the Product.

29. On the aforementioned date, Plaintiff tediously followed the directions to install the Product into the corner of her shower/bath combo in her residence, when suddenly and without warning or notice, the Product violently sprung at her face causing severe and permanent injuries to her left eye and body, the entire scope and extent of which is still being determined by her medical providers.

30. At all times material hereto, the Product and its component parts were designed, manufactured, fabricated, assembled, distributed, advertised, marketed, sold, and otherwise placed in the stream of commerce, jointly and/or severally, by one or more of the Defendants herein, their agents, ostensible agents, servants, borrowed servants, workmen, employees, and/or representatives.

31. A business owner must not design unreasonably dangerous and/or defective products.

32. A business owner must not manufacture unreasonably dangerous and/or defective products.

33. A business owner must not sell and/or otherwise place into the stream of commerce unreasonably dangerous and/or defective products.

34. A business owner must provide sufficient warnings to all potential assemblers and end-users of their products which have been placed into the stream of commerce which present foreseeable risks of bodily injury when those products are used foreseeably and as intended.

35. All Defendants owed Plaintiff, Sylvia Trafficante, and others consumers similarly situated, a duty of care to design, manufacture, and sell products which were free of defects and unreasonably dangerous characteristics.

36. All Defendants owed Plaintiff, Sylvia Trafficante, and others similarly situated, a duty of care to prevent serious bodily injury to her caused by the assembly, installation, and/or use of their Products.

37. All Defendants breached their duties of care owed to Plaintiff, as is described more fully at length, below.

38. As a direct and proximate result of the careless and negligent conduct, strict liability and/or breach of warranties of one or more of the aforementioned Defendants, jointly and/or severally, Sylvia Trafficante, suffered injuries which were serious, severe, and permanent in nature, including but not limited to a (2 mm x 1 mm) partial thickness corneal laceration, two discrete central corneal epithelial defects, uveitis causing separation of the retina, microhyphema and active blood of the left eye, traumatic retinopathy, corneal abrasion, diminished vision requiring two pairs of glasses, traumatic glaucoma, cataract of the left eye, requiring surgical intervention and a lens implant, tension ring and shunt, eyelid damage, teeth grinding, headaches,

permanent scarring and disfigurement, depression, anxiety and mental anguish resulting in damage to her teeth requiring an extraction and an implant, and a multitude of other ills which she may continue to experience into the future.

39.    As a further direct and proximate result of the careless and negligent conduct, strict liability and/or breach of warranties of one or more of the aforementioned Defendants, jointly and/or severally, Sylvia Trafficante suffered great physical pain and suffering, trauma, mental anguish and anxiety, permanent disfigurement, scarring, embarrassment, confusion, depression, sadness, frustration, anger, upset, and humiliation.

40.    As a further direct and proximate result of the careless and negligent conduct, strict liability and/or breach of warranties of one or more of the aforementioned Defendants, jointly and/or severally, Sylvia Trafficante's daily activities, occupation and usual life's pleasures were forever extinguished, and to the extent they have not been, they have been forever altered.

41.    As a further direct and proximate result of the careless and negligent conduct, strict liability and/or breach of warranties of one or more of the aforementioned Defendants, jointly and/or severally, Sylvia Trafficante's current, past, and future earnings, earning capacity and employment opportunities were forever damaged.

42.    As a further direct and proximate result of the careless and negligent conduct, strict liability and/or breach of warranties of one or more of the aforementioned Defendants, jointly and/or severally, Sylvia Trafficante incurred expense and/or liability for past and future ongoing medical care and treatment, including, but not limited to, emergency medical services, continuing medical treatment expenses, psychological management, surgical intervention, management and replacement, and household expenses.

43. This accident resulted solely from the negligence, carelessness, strict liability, and/or breach of warranties of one or more of the aforementioned Defendants, their agents, ostensible agents, servants, workmen, employees, and/or independent contractors acting jointly and/or severally in the course of their employment, and was due in no manner whatsoever to any act or omission on the part of the Plaintiff.

### COUNT I
### SYLVIA TRAFFICANTE VS. HOMEGOODS BROOMALL, PA, HOMEGOODS, INC., THE TJX COMPANIES, INC., AND RICHARDS HOMEWARES, INC.
### NEGLIGENCE

44. Plaintiff reavers and incorporates the preceding paragraphs as if the same were set forth fully herein.

45. Defendants, HomeGoods Broomall, PA, HoomGoods, Inc., the TJX Companies, Inc., and Richards Homewares, Inc. owed Plaintiff and similarly situated persons a duty of care to ensure the equipment and products designed, manufactured, fabricated, assembled, distributed, and/or sold into the stream of commerce by Defendants were free from all defects, as advertised and warranted, and included sufficient warnings so as not to render the equipment unreasonably dangerous thereby putting her at risk of serious bodily harm,

46. The negligence and carelessness of Defendants, their agents, ostensible agents, servants, borrowed servants, workmen, and/or employees, consists of, but is not limited to, the following:

   a. failure to design, manufacture, fabricate, assemble, sell, and otherwise place into the stream of commerce, a product which was safe for use in the manner it was intended to be used, and which was not unreasonably dangerous and defective when used foreseeably and as intended;

   b. designing, manufacturing, fabricating, assembling, selling, and distributing a Product which was not safe for ordinary use as intended;

c. instructing end users and/or installers of their Product to compress a component of the Product (the spring) past its point of instability and/or past its solid length so as to constitute a danger to the end user and/or installer;

d. instructing end users and/or installers of their Product to use an incompatible component part which rendered the Product unsafe, unreasonably dangerous and/or defective;

e. failing to attach, affix, or properly include the appropriate component parts with their Product which would ensure the safety of its installation and use by the end user;

f. failing to protect the user/installer from serious bodily injury caused by foreseeable use in the intended manner;

g. failure to adequately warn of the inherent dangers and propensities of its products, specifically the likelihood of the product to violently spring out of form due to the over compression of the component parts, specifically the spring;

h. failure to adequately provide for protective measures against the failure of said Product;

i. failure to employ adequate measures in the manufacture, design, fabrication, assembly, distribution, and/or sale of the Product to prevent it from ceasing to function properly or in such a manner as to pose a serious risk of bodily injury to its end users;

j. failure to supply appropriate and/or adequate instructions and other literature which would adequately instruct the intended users on the safe assembly and installation of said Product;

k. failure to supply and/or post adequate notices or warnings of the risks and dangers of the product in the assembly and installation instruction which describe the operation and maintenance of the Product;

l. failure to place or install adequate warning notices in an obvious and/or conspicuous place on said Product;

m. failure to properly inspect and test the Product prior to placing it into the stream of commerce;

n. failure to design, manufacture, fabricate, assemble, distribute, and/or sell a product with adequate safety materials, manuals, instructions, markings, signs, warnings and safety devices;

o. distributing a defective product to the general public;

p. advertising and marketing a defective product to the general public;

q. otherwise failing to use due care or course under the circumstances when Defendants knew or should have known of the serious and permanent injuries which could be caused by such failure, defect, breakage or malfunction of said product;

r. failure to assemble the product so as to prevent an accident;

s. failure to design a product with adequate materials and safety devices;

t. making false representations to the general public that the Product was safe for use, when in fact said product was defective and in a dangerous condition; and

u. utilizing defective and/or improper materials and component parts in the design and manufacture of said product.

47. Prior to the placing of the Product into the stream of commerce and injury caused to the Plaintiff on October 8, 2018, Defendants knew or should have known with adequate design, inspection and/or testing, that the Product was in a defective and dangerous condition and that because of the defects, the Product could not be used safely for the purpose for which it was intended. Defendants also knew that continued sale and use of the Product would result in further injuries to persons such as Plaintiff.

48. The negligence and carelessness of the Defendants, their agents, ostensible agents, servants, borrowed servants, workmen and/or employees, as set forth herein, was the proximate and sole cause of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Sylvia Trafficante, demands judgment against the Defendants, HomeGoods Broomall, PA, HomeGoods, Inc., the TJX Companies, Inc., and Richards Homewares, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
## SYLVIA TRAFFICANTE VS. HOMEGOODS BROOMALL, PA, HOMEGOODS, INC., THE TJX COMPANIES, INC., AND RICHARDS HOMEWARES, INC.
## STRICT LIABILITY – DESIGN DEFECT AND FAILURE TO WARN

49.     Plaintiff reavers and incorporates the preceding paragraphs as if the same were set forth fully herein.

50.     At all times relevant hereto the Product was jointly and/or severally advertised, marketed, manufactured, designed, fabricated, assembled, sold, distributed and/or otherwise placed into the stream of commerce by Defendants during and in the ordinary course of their business.

51.     Said Product, as well as its component parts did reach Plaintiff, an intended foreseeable user, in a condition substantially unchanged from that in which it was advertised, marketed, manufactured, designed, fabricated, assembled, sold, distributed and/or otherwise placed into the stream of commerce.

52.     The injuries and damages sustained by Plaintiff, as set forth above, were the direct result of the defective and unreasonably dangerous conditions existing at the time of the joint and/or several advertising, marketing, design, manufacture, fabrication, assembly, sale and/or distribution by Defendants, acting as aforesaid, including without limitation that said Product contained assembly and installation instructions that instructed the end user to compress the spring, a component part, past its point of instability and past its solid length, so as to render it dangerous and unpredictable, and that said Product did not contain obvious and/or conspicuous and adequate warnings and/or notices of the dangerous propensity of their Product – instructions requiring compression past the point of instability when used as directed, stated above – to act in a dangerous and unpredictable manner when used as directed.

53. Had the Product not been defectively designed, included the proper warnings, and had it included the proper component parts (a longer and more appropriate spring that would not be compressed past its point of instability or solid length), Plaintiff would not have suffered the resulting injuries, or the extent of same.

54. Due to the inclusion of unsafe directions, the direction to use inappropriate and/or unsafe component parts, and the lack of these warnings in the directions or on the Product or packaging itself, Plaintiff suffered injuries far in excess of what those warnings, proper components, and proper instructions would have allowed to occur.

55. Defendants are strictly liable pursuant to Section 402A of the Restatement (Second) of Torts, as said product was defective and unreasonably dangerous at the time it was distributed and Defendants failed to warn Plaintiff, and other foreseeable users of the aforementioned defects and dangers.

56. Prior to Plaintiff's injuries suffered on the day in question, Defendants knew, or should have known, without adequate design, inspection and/or testing, that the Product was in a defective and dangerous condition and that because of the defects, the Product could not be used safely for the purposes for which it was intended. Defendants also knew that continued sale and use of the Product would result in further injuries to persons such as Sylvia Trafficante.

57. The Product as advertised, marketed, manufactured, designed, fabricated, assembled, sold, distributed and/or otherwise placed into the stream of commerce by the Defendants also failed to contain proper warnings and instructions regarding all dangers associated with the assembly, installation, intended uses and operation of the Product.

58. The Product was also defective due to inadequate post-marketing warning or instructions because, after the manufacturer knew or should have known of the risk of injury to

users and/or persons similarly situated as Plaintiff, Defendants failed to provide adequate warnings to users and persons subjected to the Product and continued to advertise, market, manufacture, design, fabricate, assemble, sell, distribute, maintain, and/or otherwise place the Product into the stream of commerce.

59. The dangers of the Product that injured Plaintiff were unknowable and unacceptable to the average or ordinary consumer, and therefore they failed to satisfy the Consumer Expectation Test.

60. A reasonable person would conclude the probability and seriousness of the harms caused by the defectiveness of the Product as set for the above, outweighed the burden or costs of taking precautions, and therefore Defendants failed to satisfy the Risk-Utility Test.

61. As a result of the aforementioned defects and/or other unreasonably dangerous propensities of the product, including improper warnings and instructions on the Product, Sylvia Trafficante was caused to sustain severe, serious and permanent injuries and damages, as set forth above.

WHEREFORE, Plaintiff, Sylvia Trafficante, demands judgment against the Defendants, HomeGoods Broomall, PA, HomeGoods, Inc., the TJX Companies, Inc., and Richards Homewares, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT III
### SYLVIA TRAFFICANTE VS. HOMEGOODS BROOMALL, PA, HOMEGOODS, INC., THE TJX COMPANIES, INC., AND RICHARDS HOMEWARES, INC.
### BREACH OF WARRANTY

62. Plaintiff reavers and incorporates the preceding paragraphs as if the same were set forth fully herein.

63. Defendants expressly and impliedly warranted that the product was safe and fit for the particular purpose for which it was made.

64. Defendants' breach of contract/warranty consisted, inter alia, of selling a defective and dangerous product. The Product, as described more in detail above, contained improper component parts that were not compatible with the safe installation and/or use of the Product, contained improper/incorrect instructions which directed the user/installer to use the unsafe and incompatible component parts, and lacked obvious and conspicuous adequate warnings about the dangers of the product when used as intended and directed.

65. Plaintiff, in purchasing and using the Product, relied on the skill, judgment, representations and foregoing implied and express warranties of the Defendants. Said warranties and representations were false in that the aforementioned Product was not safe; was un-merchantable; and, was unfit for ordinary purposes and uses for which it was intended and caused Plaintiff's injuries and other damages.

66. Prior to the time the Product was used by Plaintiff on October 8, 2018, the Defendants had implied warranties to the general public that said Product was of merchantable quality and safe and fit for the use for which it was intended.

67. The general public, and Plaintiff Sylvia Trafficante, are unskilled in the research, manufacture, design, fabrication, assembly, sale and/or distribution of the aforementioned Product, and reasonably relied on the skill, judgment and implied warranty of the Defendants in using the aforementioned Product.

68. The Product was neither safe for its intended use nor of merchantable quality, as expressly and impliedly warranted by Defendants, in that it had dangerous propensities when put

to its intended use(s) and would cause severe injuries to the user and/or installer and others in close proximity.

69.     The aforementioned breach of warranty was the proximate cause of the injuries and damages sustained by Sylvia Trafficante as set forth above.

WHEREFORE, Plaintiff, Sylvia Trafficante, demands judgment against the Defendants, HomeGoods Broomall, PA, HomeGoods, Inc., the TJX Companies, Inc., and Richards Homewares, Inc., jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars.

Respectfully submitted,

STAMPONE O'BRIEN DILSHEIMER LAW

BY: _____

TYLER J. STAMPONE, ESQUIRE
DANIEL N. STAMPONE, ESQUIRE
500 Cottman Avenue
Cheltenham, PA 19012
tstampone@stamponelaw.com
dstampone@stamponelaw.com
P: (215) 663-0400
F: (215) 663-9112

# EXHIBIT "A"

The tension pole caddy is easy to assemble if you follow the directions closely, and layout all the parts out and read through the entire directions before you start.

Measure the height of the area in which you want to install the Tension Pole Caddy. In some cases, it may go from the floor to the ceiling and in others it may go from the top of the tub to the ceiling.

See the list of recommended configurations on page 2 and select the poles you need. Then refer to the illustration on page 3 and arrange the parts you need in the order they will be assembled.

---

El organizador de ducha con barra tensora es fácil de ensamblar si usted sigue atentamente las instrucciones, despliega todas las piezas a la vista y lee todas las instrucciones antes de comenzar.

Mida la altura del área donde desea instalar el organizador de ducha con barra tensora. En ciertos casos, se puede instalar desde el piso hasta el techo y en otros desde la parte superior de la bañera hasta el techo.

Vea la lista de configuraciones recomendadas que se encuentra en la página 2 y seleccione los tubos que necesite. Después, consulte la figura en la página 3 y coloque las piezas que necesita en el orden en el que serán ensambladas.

---

La tour de rangement de douche à tension est facile à assembler lorsque les instructions sont suivies attentivement. Avant de commencer, s'assurer d'avoir toutes les pièces et lire toutes les instructions.

Mesurer la hauteur de l'endroit où sera installée la tour de rangement de douche à tension. La hauteur est soit la distance entre le fond de la baignoire et le plafond ou celle entre le rebord de la baignoire et le plafond.

Choisir la configuration voulue parmi la liste des recommandations à la page 2, et prendre les tiges nécessaires à son assemblage. Ensuite, se fier à l'image de la page 3 pour aligner les pièces requises selon l'ordre d'assemblage.

---

| Parts List: | Piezas: | Pièces: |
|---|---|---|
| A. (3) 23.23" Long tubes | A. (3) Tubos largos de 23.23" | A. (3) Tubes de 23.23 po de longueur |
| B. (1) 17" Long tube | B. (1) Tubo largo de 17" | B. (1) Tube de 17 po de longueur |
| C. (1) 19" Long tube | C. (1) Tubo largo de 19" | C. (1) Tube de 19 po de longueur |
| D. (1) ½" Diameter tube | D. (1) Tubo de ½" de diámetro | D. (1) Tube de ½ po de diamètre |
| E. (1) Spring | E. (1) Resorte | E. (1) Ressort |
| F. (3) Wire shelves | F. (3) Estantes de alambre | F. (3) Paniers en métal |
| G. (4) Snap on fit clips | G. (4) Sujetadores de encaje a presión | G. (4) Attaches à encliqueter |
| H. (1) Top "T" cap | H. (1) Tapa superior en T | H. (1) Embout supérieur en T |
| I. (1) Bottom end cap | I. (1) Tapa de extremo inferior | I. (1) Embout inférieur |
| J. (1) Coupling with hole | J. (1) Acoplador con agujero | J. (1) Raccord troué |
| K. (1) T-Cap | K. (1) Tapa en T | K. (1) Embout en T |
| L. (2) Spring spacer | L. (2) Espaciadores de resorte | L. (2) Espaceurs |
| M. (4) Connector | M. (4) Conectores | M. (4) Connecteurs |
| N. (1) Soap tray with hooks | N. (1) Jabonera con ganchos | N. (1) Plateau à crochets pour le savon |

A. 
B.
C.
D.
E.

G. H. I. J. K. L. M. N.

F. (1) (2)

## Recommended Pole Configurations

**60"-86"**
A. (2) 23.2" long tubes

**69"-74"**
A. (2) 23.2" long tubes
C. (1) 13" long tube

**73"-78"**
A. (2) 23.2" long tubes
B. (1) 17" long tube

**79"-84"**
A. (3) 23.2" long tubes

**85"-91"**
A. (2) 23.2" long tubes
C. (1) 13" long tube
B. (1) 17" long tube

**91"-86"**
A. (3) 23.23" long tubes
C. (1) 13" long tube

**95"-100"**
A. (3) 23.23" long tubes
B. (1) 17" long tube

**107"-112"**
A. (3) 23.23" long tubes
C. (1) 13" long tube
B. (1) 17" long tube

In addition to the above tubes, all configurations require the ½" diameter tube.

Since there is no standard ceiling or tub height, for a perfect fit, the ½" diameter tube can be cut. The configurations listed above are only recommendations. Switch around the combinations before cutting the ½" diameter tube.

## Configuraciones recomendadas de los tubos

**60"-65" 152,4 CM - 172,72 CM**
A. (2) Tubos largos de 23,23"

**69"-74" (175,26cm - 187,96 cm)**
A. (2) Tubos largos de 23,23"
C. (1) Tubo largo de 13"

**73"-78" (185,42cm - 198,12cm)**
A. (2) Tubos largos de 23,23"
B. (1) Tubo largo de 17"

**79"-84" (200,66 cm - 213,36cm)**
A. (3) Tubos largos de 23,23"

**85"-91" (215,9 CM, 231,14 CM)**
A. (2) Tubos largos de 23,23"
B. (1) Tubo largo de 17"
C. (1) Tubo largo de 13"

**91"-95" (231,14 CM - 243,84 CM)**
A. (3) Tubos largos de 23,23"
C. (1) Tubo largo de 13"

**95"-100" (243,84 CM - 254 CM)**
A. (3) Tubos largos de 23,23"
B. (1) Tubo largo de 17"

**107"-112" (271,78 CM - 284,48 CM)**
A. (3) Tubos largos de 23,23"
B. (1) Tubo largo de 17"
C. (1) Tubo largo de 13"

Además de los tubos indicados arriba, todas las configuraciones necesitan el tubo de ½" de diámetro.

En vista de que no existe una altura estándar de techo o de bañera, se puede cortar el tubo de ½" de diámetro para lograr un ajuste perfecto. Las configuraciones enumeradas arriba son tan solo recomendaciones. Pruebe las distintas combinaciones antes de cortar el tubo de ½" de diámetro.

## Recommended Pole Configurations

**60-65 po de longueur**
A. (2) Tubes de 23,23 po de longueur

**69-74 po de longueur**
A. (2) Tubes de 23,23 po de longueur
C. (1) Tube de 13 po de longueur

**73-78 po de longueur**
A. (2) Tubes de 23,23 po de longueur
B. (1) Tube de 17 po de longueur

**79-84 po de longueur**
A. (3) Tubes de 23,23 po de longueur

**85-91 po de longueur**
A. (2) Tubes de 23,23 po de longueur
B. (1) Tube de 17 po de longueur
C. (1) Tube de 13 po de longueur

**91-95 po de longueur**
A. (3) Tubes de 23,23 po de longueur
C. (1) Tube de 13 po de longueur

**95-100 po de longueur**
A. (3) Tubes de 23,23 po de longueur
B. (1) Tube de 17 po de longueur

**107-112 po de longueur**
A. (3) Tubes de 23,23 po de longueur
B. (1) Tube de 17 po de longueur
C. (1) Tube de 13 po de longueur

En plus des tubes mentionnés ci-dessus, toutes les configurations nécessitent le tube de ½ po de diamètre.

Puisqu'il n'y a pas de hauteur standard pour les plafonds et les baignoires, il est possible de couper le tube de ½ po de diamètre pour obtenir un meilleur ajustement. Les configurations ci-dessus ne sont que des recommandations. Essayez différentes combinaisons avant de couper le tube de ½ po de diamètre.

**1.**



Assemble tube "D" with "J" and "H": Place end cap "H" onto the end of pole "D" ( ½" diameter tube). Then slide coupling "J" (with hole) over the other end of the pole till it rests midway on pole "D". Then place cap "K" (small cap) on the open end pole "D".

Ensamble el tubo "D" utilizando "J" y "H": Coloque la tapa "H" en el extremo del tubo "D" (tubo de ½" de diámetro). Desliza el acoplador "J" (con agujero) a través del otro extremo del tubo "D" hasta que se encuentre al medio centro del tubo "D". Coloque después la tapa "K" (la tapa pequeña) en el extremo abierto del tubo "D".

Assembler le tube "D" avec "J" et "H": Placer l'embout supérieur "H" à l'extrémité du tube "D" (tube de ½ po de diamètre). Glisser ensuite, le nœud couplant le tube, le raccord troué "J" jusqu'à ce qu'il se trouve au centre du tube "D". Coiffer l'extrémité ouverte du tube "D" avec l'embout "K".

**2.**



Assemble (1) tube "A" with "L", "D" and "M" Linsert it into spring "E" into "A". To prevent spring and spacers from sliding out of tube in step 3, insert one connector "M" firmly into one end of tube "A". The other end requires open to receive tube "D".

Ensamble un (1) tubo "A" utilizando "L", "D" y "M". Para evitar que el resorte y los espaciadores se salgan del tubo durante el siguiente paso el resorte firmemente un conector "M" en un extremo del tubo "A". Inserte los espaciadores "L" y el resorte "E" dentro del tubo "A". El otro extremo del tubo "A" permanece abierto para recibir el tubo "D".

Assembler un tube "A" avec "L", "D" et "M". Glisser les espaceurs "L" et le ressort "E" à l'intérieur du tube "A". Afin d'empêcher le ressort et les espaceurs de glisser hors du tube pendant la prochaine étape, insérer fermement un connecteur "M" à une des extrémités du tube "A". Laisser l'autre extrémité du tube "D" ouverte pour pouvoir y placer le tube "D".

**3.**



Join assembled "D" and "A": Insert the end of the ½" diameter tube "D" with the small "K" cap into the open end of Tube "A". Slide "Top End Cap" "J" down the ½" diameter tube "D" until it fits securely over tube "A", connecting "D" and "A".

Acople los tubos ensamblados "D" y "A": Inserte el extremo del tubo de ½" de diámetro "D" con las pequeñas tapas en "K" dentro del extremo abierto del tubo "A". Deslice el acoplador con agujero "J" hacia el tubo de ½" de diámetro "D" hasta que encaje firmemente sobre el tubo "A", conectando así los tubos "D" y "A".

Joindre les tubes D et A : Insérer l'extrémité du tube "D" de ½ po de diamètre comportant l'embout "K" dans l'extrémité ouverte du tube "A". Pour assembler les tubes "D" et "A", glisser le raccord troué J jusqu'à ce qu'il soit bien installé à la jonction des deux tubes.

91"-96"
(231,14 CM- 243,84 CM)
91 -96 po de longueur







**4.**

Join remaining tubes with Connectors "M", add bottom cap "I":
Insert the connector end of tube "A" (which you prepared in step 2) into the next tube, and push firmly to secure. Continue to join any additional tubes required for your configuration with connectors "M". Push the Bottom End Cap "I" on to the bottom of the above assembly.

Acople los tubos restantes utilizando los conectores "M" y añada la tapa inferior "I": Inserte el extremo conector del tubo "A" (que fue preparado en el paso 2) dentro del tubo siguiente y oprímalo firmemente para fijarlo. Continúe acoplando todos los tubos adicionales necesarios para su configuración deseada, utilizando los conectores "M". Inserte y oprima la tapa del extremo inferior "I" dentro de la parte inferior del ensamblaje.

Joindre les tubes restants avec les connecteurs "M" et l'embout inférieur "I": Insérer l'extrémité du tube "A" comportant le connecteur "M" (préparé à l'étape 2) dans le tube suivant et les serrer fermement pour empêcher qu'ils ne se séparent. À l'aide d'autres connecteurs "M", joindre les tubes restants selon la configuration choisie. Placer l'embout inférieur "I" à l'extrémité du bas de l'assemblage final.



**5.**

Place the entire assembly into position over the tub or floor. Compress the spring and place the assembly in a vertical position and twist the spring. Leave a small amount of room between the wall and the pole for adjustment of the shelves.

Ubique todo el ensamblaje en su lugar sobre la bañera o el piso. Comprima el resorte y coloque el ensamblaje en posición vertical. Suelte el resorte. Deje libre un pequeño espacio entre la pared y el poste para ajustar los estantes.

Placer la tour de rangement assemblée à l'endroit désiré. Comprimer le ressort. Mettre l'ensemble à la verticale à l'endroit désiré, puis relâcher le ressort. Laisser un léger espace entre la tour de rangement et le mur pour pouvoir ajuster la position des paniers.

**6.**

Add Shelves "F" and Soap Tray with hooks "N" with Slide n Lock clips "G". Place a Slide n Lock Clip "G" around the pole with the open end of the clip facing outward. Slide Shelf "F" completely onto the clip. Gently rocking the Shelf helps get it into place. Repeat for the rest of the shelves. To move the Shelves "F" and Soap Tray "N", slide them off of the clip, move the clip to the new position and slide the Shelves and Soap Tray back on the clip.

Añada los estantes "F" y la jabonera con ganchos "N" con clips "G". Coloque un sujetador de anclaje a presión "G" alrededor de la tubería con el extremo abierto del sujetador orientado hacia el exterior. Deslice completamente el estante "F" sobre el sujetador. Si mece ligeramente el estante le ayudará a colocarlo en su lugar. Repita este procedimiento para el resto de los estantes. Para mover los estantes "F" o la jabonera "N", deslícelos hacia afuera del sujetador, deslice el sujetador hacia la nueva ubicación y deslice nuevamente los estantes y la jabonera dentro del sujetador.

Installer les paniers en acryl "F" et le plateau à brosette porte-savon "N" à l'aide des attaches à coulisser "G". Placer une attache à coulisser "G", face ouverte vers l'extérieur, sur la tour. Glisser complètement le panier "F" sur l'attache. Remuer doucement les paniers pour faciliter leur installation. Procéder de la même façon pour les autres paniers. Pour déplacer un panier "F" ou le plateau "N", l'enlever de son attache, déplacer l'attache à la position voulue et replacer le panier ou le plateau sur l'attache.



Snap n Fit Clip (G)



**7.**

When you are finished with the assembly of the Shelves and Soap Tray push the entire assembly upward for an adjustment.

Cuando esté satisfecho con el ensamblaje de los estantes y la jabonera, empuje todo el ensamblaje hacia arriba para un ajuste.

Une fois les paniers et le plateau fixés, pousser la tour de rangement assemblée vers le haut pour un ajustement.

For assistance or parts call
1 800-446-3880

Case ID: 200902074

## VERIFICATION

TYLER J. STAMPONE, ESQUIRE, states that he is the attorney for Plaintiff(s) herein, that he is acquainted with the facts set forth in the foregoing pleading, that the same are true and correct to the best of his information, knowledge and belief and that this statement is made subject to the penalties of 18 Pa. C.S.A., Section 4904, relating to unsworn falsification to authorities.

_____

**TYLER J. STAMPONE, ESQUIRE**
Attorney for Plaintiff(s)

**EXHIBIT B**

Corporations ▾     Search Business Entities (corpsearch.aspx)

Search UCC Transactions (uccsearch.aspx)     Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)

Login (https://hub.business.pa.gov/login)

Search entity /  **Select entity** /  Order documents

# Select Business Entity

Search Results for term *Homegoods Broomall, PA Lawrence Park Shopping Center* type:
*Starting with*

**No results found for search term**

<< Back to Search

Corporations ▾    Search Business Entities (corpsearch.aspx)

Search UCC Transactions (uccsearch.aspx)    Forms ▾

Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)

Login (https://hub.business.pa.gov/login)

Search entity / **Select entity** / Order documents

# Select Business Entity

Search Results for term *Homegoods Broomall, PA* type: *Starting with*

**No results found for search term**

[ << Back to Search ]

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SYLVIA TRAFFICANTE | CIVIL ACTION |
| Plaintiff(s) | NO. |
| v. | JURY TRIAL DEMANDED |
| HOMEGOODS BROOMALL, PA, HOMEGOODS, INC., THE TJX COMPANIES, INC. AND RICHARDS HOMEWARES, INC. | **DEFENDANTS HOMEGOODS, INC. AND THE TJX COMPANIES, INC.'S CONSENT TO NOTICE OF REMOVAL** |
| Defendant(s) | |

Defendants Homegoods, Inc. and The TJX Companies, Inc. (hereinafter the "Homegoods Defendants") hereby give notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 that they consent to removal to the United States District Court for the Eastern District of Pennsylvania of the action entitled "*Sylvia Trafficante v. Homegoods*, et al.," in the Court of Common Pleas of the Commonwealth of Pennsylvania, County of Philadelphia, September Term, 2020, No. 02074 (the "State Court Action").

Defendant HomeGoods, Inc. is a Delaware Corporation and its corporate headquarters and principal place of business is located at 770 Cochituate Road, Framingham, Massachusetts. Defendant The TJX Companies, Inc. is a Delaware Corporation and its corporate headquarters and principal place of business is located at 770 Cochituate Road, Framingham, Massachusetts. "Homegoods Broomall, PA" is not a legal entity, fictitious name, or otherwise associated with the HomeGoods Defendants. HomeGoods, Inc. is the entity that leased the store at issue.

The Homegoods Defendants hereby adopt, join and incorporate by reference the Notice of Removal filed by Defendant Richards Homewares, Inc. This Notice of Consent to the Notice of Removal is being filed within 30 days of the date that the Complaint was received by the Homegoods Defendants.

WHEREFORE, Homegoods Defendants consent to, and join in, the Notice of Removal of the State Court Action to the United States District Court for the Eastern District of Pennsylvania.

FOWLER HIRTZEL MCNULTY & SPAULDING, LLP

Dated: 10/28/2020

BY: JACQUELINE E. CAMPBELL, ESQUIRE
*Attorney for Defendants Homegoods, Inc. and*
*The TJX Companies, Inc.*
PA ID No.: 306647
1717 Arch Street, Suite 1310
Philadelphia, PA 19103
P: 215-789-4844
F: 215-642-2203
E: JCampbell@fhmslaw.com