UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA TRAFFICANTE | : |
| | : |
| vs. | : |
| | : NO. **2:20-cv-05382** |
| HOMEGOODS BROOMALL, PA, | : |
| HOMEGOODS, INC. | : HON. GENE E.K. PRATTER, U.S.D.J. |
| THE TJX COMPANIES, INC., AND | : |
| RICHARDS HOMEWARES, INC. | : |

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of the Motion for Summary Judgment of Defendant Richards Homewares, Inc. and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion for Summary Judgment is **GRANTED** and any and all of Plaintiff's claims as to Richards Homewares, Inc. are hereby dismissed **WITH PREJUDICE.**

BY THE COURT

_____
, J.

33747611.v6

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA TRAFFICANTE | : |
| | : |
| vs. | : |
| | : NO. **2:20-cv-05382** |
| HOMEGOODS BROOMALL, PA, | : |
| HOMEGOODS, INC. | : HON. GENE E.K. PRATTER, U.S.D.J. |
| THE TJX COMPANIES, INC., AND | : |
| RICHARDS HOMEWARES, INC. | : |

**MOTION FOR SUMMARY JUDGMENT OF
<u>DEFENDANT RICHARDS HOMEWARES, INC.</u>**

Pursuant to Federal Rules of Civil Procedure 56, Defendant Richards Homewares, Inc. ("Richards") moves to dismiss all counts asserted against them in the Complaint of Plaintiff Sylvia Trafficante ("Plaintiff"). As set forth more fully in the accompanying memorandum of law, it is respectfully submitted that the Court must dismiss Plaintiff's products liability claims against Richards Homewares, Inc. as a matter of law because Plaintiff has failed to establish the product at issue was defective and/or causation by way of expert testimony.

Furthermore, it is submitted that dismissal is likewise required of Plaintiff's unproven negligence and breach of warranty claims because Plaintiff has failed to prove breach or causation, and has failed to prove that the subject product was not safe or fit for the particular use for which it was made.

**WHEREFORE**, for all the reasons set forth in the accompanying memorandum of law in support of this Motion, Defendant Richards Homewares, Inc. respectfully requests that the Court grant its Motion for Summary Judgment and issue an order dismissing all claims against them, with prejudice.

33747611.v6

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 24, 2022 | **GOLDBERG SEGALLA LLP** |
|  | */s/ Sean T. Stadelman* |
|  | Sean T. Stadelman, Esq. (ID: 201636) |
|  | Avery J. Quiles, Esq. (ID: 329616) |
|  | 1700 Market St., Ste. 1418 |
|  | Philadelphia, PA 19103 |
|  | T: 267.519.6800 |
|  | F: 267.519.6801 |
|  | sstadelman@goldbergsegalla.com |

33747611.v6

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA TRAFFICANTE | : |
| | : |
| vs. | : |
| | : NO. **2:20-cv-05382** |
| HOMEGOODS BROOMALL, PA, | : |
| HOMEGOODS, INC. | : HON. GENE E.K. PRATTER, U.S.D.J. |
| THE TJX COMPANIES, INC., AND | : |
| RICHARDS HOMEWARES, INC. | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 OF DEFENDANT RICHARDS HOMEWARES, INC.**

Respectfully submitted,

Dated: June 24, 2022    **GOLDBERG SEGALLA LLP**

*/s/ Sean T. Stadelman*
Sean T. Stadelman, Esq. (ID: 201636)
Avery J. Quiles, Esq. (ID: 329616)
1700 Market St., Ste. 1418
Philadelphia, PA 19103
T: 267.519.6800
F: 267.519.6801
sstadelman@goldbergsegalla.com

## **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT……………………………………………………….7

II.    STATEMENT OF UNDISPUTED FACTS……………………………………………7, 8

III.   LEGAL ARGUMENT……………………………………………………………………….8

       A.    Summary Judgment Standard……………………………………………..8, 9

       B.    Plaintiff Has Provided No Expert Testimony As To Causation Which Is Required To Prove Her Products Liability Claims………………………………..9, 10, 11

       C.    Plaintiff Is Unable To Establish Causation Which Is Fatal To Her Negligence Claim……………………………………………………………………………11, 12

       D.    Plaintiff Is Unable To Establish Causation Which Is Fatal To Her Claim For Breach Of Warranty…………………………………………………………...12

IV.   CONCLUSION…………………………………………………………………………..12

33747611.v6

# TABLE OF AUTHORITIES

**Cases:**

*AM/PM Franchise Ass'n v. Atlantic Richfield Co.,* 584 A.2d 915, 923 (Pa. 1990)……………12

*Arch v. Am. Tobacco Co.*, 175 F.R.D. 469, 488 (E.D. Pa. 1997)………………………………11

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)…………………………………..8, 9

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)……………………………………………..9

*Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 153 (3d Cir. 1999)………………………………9, 10

*Marcus v. BMW of N. Am., LLC*, 687 F.3d 583 (3d Cir. 2012)………………………………...12

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)…………………9

*Ridgewood Board of Education v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999)…………...9

*Shannon v. Hobart*, 2011 U.S. Dist. LEXIS 12312 (2011)…………………………………….10

*Skipworth ex rel. Williams v. Lead Indus. Ass'n.*, 690 A.2d 169, 172 (Pa. 1997)………………11

*Soldo v. Sandoz Pharms. Corp.*, 244 F. Supp. 2d 434, 525 (W.D. Pa. 2003)………….………10, 11

*Stephens v. Paris Cleaners, Inc.*, 885 A.2d 59, 65 (Pa. Super. Ct. 2005)…………………...9, 10, 11

*Watson v. Eastman Kodak Company*, 235 F.3d 851, 858 (3d Cir. 2000)………………………..9

*Woods v. Bentsen*, 889 F.Supp. 179, 184 (E.D.Pa. 1995)..……………………….....................9

**Rules:**

Fed. R. Civ. P. 56(a)………………………………………………………………………….8

33747611.v6

**I.     PRELIMINARY STATEMENT**

To prevail on any of her claims, Plaintiff must prove that Richards Homewares, Inc.'s product was defective and the alleged defect caused Plaintiff to suffer injury. Proof of causation in a products liability case requires Plaintiff to present admissible expert testimony establishing defect and causation. As a result of this Court's ruling on Richards' simultaneously filed *Daubert* Motion, Plaintiff is unable to prove defect and/or causation because she has no expert permitted to testify as to the defect that caused the subject incident, or whether the instructions failed to warn of potential hazards and caused the accident. Without an expert establishing defect and causation on Plaintiff's products liability claim, Plaintiff will be unable to prove causation or breach on her negligence claim. Moreover, without expert testimony that the subject product was not safe or fit for the particular use for which it was made, Plaintiff will be unable to prove her breach of warranty claim. Without such proof, there is no dispute of material fact as to the lack of defect and/or causation and Richards is entitled to judgment as to all of Plaintiff's claims.

**II.     STATEMENT OF UNDISPUTED FACTS**

1. This product's liability matter arises from Plaintiff, Sylvia Trafficante, purchasing a shower organizer from Home Goods' Broomall, PA location, and attempting to assemble it on October 8, 2018. *See* A True and Correct Copy of Plaintiff's Complaint attached hereto as "Exhibit A."

2. The shower organizer was a Richards product: Columbia E-Satin Nickel Tension Pole Caddy with three shelf Shower Organizer. Plaintiff alleges that on October 8, 2018, she was assembling/installing the shower organizer into the corner of her bathtub, "when suddenly and without waning or notice, the Product violently sprung at her face causing … injuries to her left eye." *See Id.* at ¶ 29.

33747611.v6

3. In furtherance of her claims, Plaintiff has retained experts Matthew Wagenhofer, PhD, PE, CFEI from Forcon International, and Jason S. Kiddy, PhD, PE, CFEI from Aither Forensic Engineering to opine on liability. *See* Matthew Wagenhofer's Expert Report attached as "Exhibit B;" and Jason S. Kiddy's Expert Report attached as "Exhibit C."

4. As fully explained in Richards' simultaneously filed *Daubert* Motion, both Wagenhofer and Kiddy utilized defectively unreliable methodologies in testing and based their conclusions on false assumptions of fact that are not supported by the evidence of record.

5. Thus, per Moving Defendant's *Daubert* Motion their opinions are not reliable and must be excluded. Without experts plaintiff is unable to establish defect and/or causation, which is fatal to all of her claim.

6. Accordingly, Defendant Richards Homewares, Inc. moves for Summary Judgment to dismiss all of Plaintiff's claims as a matter of law.

## III.   LEGAL ARGUMENT

### A.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

While the movant has the initial burden of demonstrating the absence of genuine issues of material fact, the non-movant must then establish the existence of each element on which it bears the burden of proof. *Watson v. Eastman Kodak Company*, 235 F.3d 851, 858 (3d Cir. 2000). In doing so, the non-moving party must show more than the "mere existence of a scintilla of

evidence" in support of its position. *Anderson*, 477 U.S. at 252. A plaintiff cannot avert summary judgment with speculation or by resting on the allegations in [her] pleadings, but rather must present competent evidence from which a jury could reasonably find in his favor. *Ridgewood Board of Education v. N.E. for M.E.*, 172 F.3d 238, 252 (3d Cir. 1999); *Woods v. Bentsen*, 889 F.Supp. 179, 184 (E.D.Pa. 1995).

Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

### B. PLAINTIFF HAS PROVIDED NO EXPERT TESTIMONY AS TO DEFECT AND/OR CAUSATION WHICH IS REQUIRED TO PROVE HER PRODUCTS LIABILITY CLAIMS

In order to prevail on a products liability claim in Pennsylvania under a theory of strict liability, a plaintiff must prove that: (1) the product was defective; (2) the defect that caused the injuries existed when the product left the seller's hands; and (3) the defect caused the harm. *Stephens v. Paris Cleaners, Inc.*, 885 A.2d 59, 65 (Pa. Super. Ct. 2005) ("Proof of causation is a necessary element of a plaintiff's prima facie case in a products liability action as well as in a negligence action."). In a products liability case involving complex issues of causation not readily apparent to the finder of fact, the plaintiff must present admissible expert testimony to prove causation. *See Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 153 (3d Cir. 1999). If her expert testimony cannot support both general and specific causation, summary judgment for the defendant must be granted. *Soldo v. Sandoz Pharms. Corp.*, 244 F. Supp. 2d 434, 525 (W.D. Pa. 2003).

33747611.v6

Here, as a result of this Court's granting Richards' *Daubert* Motion, Plaintiff has presented no expert testimony as to defect and/or causation. Proving causation through expert testimony is a necessary element of a plaintiff's prima facie case in a products liability action. *Stephens*, 885 A.2d at 69 (Pa. Super Ct. 2005). This is especially true in products liability actions involving complex issues of causation such as the present action regarding analysis of the mechanics and physics of tension rods and its interior spring components. *See Heller*, 167 F.3d at 153 (3d Cir. 1999).

The instant case resembles that of *Shannon v. Hobart*, 2011 U.S. Dist. LEXIS 12312 (2011), where a Plaintiff sustained injuries from using a commercial food mixer. Plaintiff provided expert testimony that claimed that the mixer's defective design caused plaintiff's injuries. In response, defendant manufacturer filed a *Daubert* Motion claiming that plaintiff's expert's conclusions were not based on reliable methodologies. The Court granted defendant's *Daubert* Motion, concluding that plaintiff's expert based his conclusions on his own speculation rather than reliable methodologies. Following the granting of its *Daubert* Motion, defendant filed a Motion for Summary Judgment claiming that since the Court had excluded plaintiff's expert's testimony as to causation, plaintiff provided no expert testimony proving causation as required in Pennsylvania strict products liability actions. The Court held that the defendant manufacturer was entitled to summary judgment on plaintiff's strict liability claims because the expert's conclusions that the mixer was defectively designed was not based on any reliable methodology and plaintiff had provided no other expert testimony proving causation.

Since Plaintiff, Sylvia Trafficante, has claimed strict products liability for deign defect and failure to warn, she must provide expert testimony as to both liability and causation. As a result of this Honorable Court granting Richards' *Daubert* Motion, Plaintiff has failed to present

the requisite expert testimony necessary to establish either. Accordingly, Richards is entitled to summary judgment as a matter of law and Plaintiff's claims for strict products liability must be dismissed. *See Soldo* 244 F. Supp. 2d at 525 (W.D. Pa. 2003).

## C. PLAINTIFF IS UNABLE TO ESTABLISH CAUSATION WHICH IS FATAL TO HER NEGLIGENCE CLAIM

To succeed on their products liability and negligence claims, plaintiffs will, in addition to other things, have to prove causation. *Arch v. Am. Tobacco Co.*, 175 F.R.D. 469, 488 (E.D. Pa. 1997). Proof of causation is a necessary element of a plaintiff's prima facie case in a products liability action as well as in a negligence action. *Stephens v. Paris Cleaners, Inc.*, 885 A.2d 59, 65 (Pa. Super. Ct. 2005). Pennsylvania follows the general rule that a Plaintiff, in order to recover, must establish that a particular defendant's negligence was the proximate cause of her injuries. *Skipworth ex rel. Williams v. Lead Indus. Ass'n.*, 690 A.2d 169, 172 (Pa. 1997).

Here, pursuant to the granting of Richards' *Daubert* Motion, Plaintiff has provided insufficient evidence in furtherance of her claims that the alleged defective design of the subject organizer or the instructions' alleged failure to warn proximately caused her injuries. Furthermore, Plaintiff has provided insufficient evidence establishing that Richards' conduct and/or omissions were a proximate cause of her injuries. Likewise, Plaintiff is unable to meet her evidentiary burden of establishing a prima facie case of negligence. Accordingly, Richards requests this Honorable Court grant its Motion for Summary Judgment and dismiss Plaintiff's negligence claim.

## D. PLAINTIFF IS UNABLE TO ESTABLISH CAUSATION WHICH IS FATAL TO HER CLAIM FOR BREACH OF WARRANTY

To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege (1) that a merchant sold goods, (2) which were not "merchantable" at the time of sale, (3)

injury and damages to the plaintiff or its property, (4) which were was caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of injury. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583 (3d Cir. 2012). A claim for breach of express warranty similarly requires proof of proximate cause. *Id*. Proximate cause and damages are, of course, necessary for a breach of express warranty verdict. *Id*. As with all cases involving breach of warranty, the plaintiff is charged with the burden of proving that the defendant's breach is the proximate cause of the harm suffered. *AM/PM Franchise Ass'n v. Atlantic Richfield Co.,* 584 A.2d 915, 923 (Pa. 1990).

Because Plaintiff has failed to proffer sufficient evidence as to proximate causation, pursuant to this Court granting Richards' *Daubert* Motion, Plaintiff is unable to meet her evidentiary burden in establishing a breach of warranty. Given that proving proximate causation is a requirement of establishing a bread of warranty, Plaintiff's claim for breach of warranty must fail. Accordingly, Richards requests that this Honorable Court grant its Motion for Summary Judgment and dismiss Plaintiffs breach of warranty claim.

## IV.    CONCLUSION

For the forgoing reasons, Richards Homewares, Inc. respectfully requests this Court grant its motion for Summary Judgment as to all counts of Plaintiff's Complaint.

Respectfully submitted,

Dated: June 24, 2022     **GOLDBERG SEGALLA LLP**

*/s/ Sean T. Stadelman*
Sean T. Stadelman, Esq. (ID: 201636)
Avery J. Quiles, Esq. (ID: 329616)
1700 Market St., Ste. 1418
Philadelphia, PA 19103
T: 267.519.6800
F: 267.519.6801
sstadelman@goldbergsegalla.com

33747611.v6

## CERTIFICATE OF SERVICE

I, Sean T. Stadelman, Esquire, hereby certify that on this 24th day of June 2022, a true and correct copy of the foregoing motion and supporting documents were served upon all counsel and parties of record via the Court's ECF System and/or U.S. First Class Mail, postage prepaid, and/or via e-mail.

**GOLDBERG SEGALLA LLP**

*/s/ Sean T. Stadelman*
Sean T. Stadelman, Esq. (ID: 201636)
Avery J. Quiles, Esq. (ID: 329616)
1700 Market St., Ste. 1418
Philadelphia, PA 19103
T: 267.519.6800
F: 267.519.6801
sstadelman@goldbergsegalla.com

Dated: June 24, 2022

33754025.v1